IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 3:20-cr-5-RAH |
| | ) |
| MONTRE CHYVONNE HILL | ) |

**MEMORANDUM OPINION and ORDER**

Pending before the Court is Defendant's Motion to Continue Trial (Doc. 19) filed by Defendant Montre Chyvonne Hill on April 14, 2020. Jury selection and trial are set in this case on the term of court commencing on May 11, 2020. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161 (Act). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  However, the Act excludes from the seventy-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(7)(A).  In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

Counsel for Hill represents that additional time is necessary to prepare for trial.  Among others, due to the national emergency declared by the President as the result of the outbreak of Coronavirus Disease 2019 (COVID-19), and the stay-in-place order issued by the Governor of the State of Alabama, counsel is unable to meet with the Defendant in person to prepare for trial.  Further, counsel is awaiting court records from other States.  In addition, the parties are in ongoing plea negotiations.  Finally, the United States does not oppose a continuance.

In light of the current COVID-19 pandemic, and for good cause, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial.  Thus, for good cause, it is

ORDERED as follows:

(1) Jury selection and trial are CONTINUED from May 11, 2020 to the criminal term of court commencing on July 20, 2020 at 10:00 a.m. in Opelika, Alabama. All deadlines tied to the trial date are adjusted accordingly.

(2) The United States Magistrate Judge shall conduct a pretrial conference prior to the July trial term.

DONE, this 15th day of April, 2020.

                                                     /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE